## ORIGINAL

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 JUN 14  AM 11 21

STEPHAN HARRIS, CLERK
CASPER

Thomas J. Klepperich
Lonabaugh and Riggs, LLP
P.O. Box 5059
Sheridan, WY 82801
(307) 672-7444
Facsimile: 307-672-2230

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FIRST FEDERAL SAVINGS BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No. 13CV124.S |
| ) | |
| TRIPLE CT TRUST, CHAD STEPHENS, as Trustee of ) | |
| Triple CT Trust, and the UNITED STATES INTERNAL ) | |
| REVENUE SERVICE, ) | |
| ) | |
| Defendants ) | |
| ) | |

### COMPLAINT

First Federal Savings Bank ("FFSB"), by and through its undersigned attorneys, for its Complaint in this matter, states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff FFSB is a Federally-chartered banking association with its principal place of business located in Sheridan County, Wyoming. FFSB is the sole trustee of the Dorothy M. Wolff Revocable Trust Under Agreement Dated July 13, 1983, as amended (the "Dorothy Wolff Trust").

Receipt # _____
Summons: _____ issued
_____ not issued

2.      Defendant Triple CT Trust purports to be an "Irrevocable Pure Business Trust established in February of 1995." Triple CT Trust is not registered with the Wyoming Secretary of State, and its mailing address is a post office box in Gillette, Wyoming.

3.      Defendant Chad Stephens purports to be a trustee of the Triple CT Trust.

4.      Defendant United States Internal Revenue Service ("IRS") is an agency of the United States within the Department of the Treasury.

5.      Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §2410, 26 U.S.C. § 7426, 28 U.S.C. § 1340, and/or 28 U.S.C. § 1331.

6.      Personal jurisdiction over the Defendants is conferred on this Court by virtue of the Defendants' actions, contacts, ownership, and claims to ownership of property within this jurisdiction. Interpleader of the Defendants herein is authorized by Rule 22(a)(1) of the Federal Rules of Civil Procedure.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

8.      The Dorothy Wolff Trust Agreement directs that certain trust assets be distributed among the beneficiaries identified therein. Triple CT Trust is one of those designated beneficiaries. FFSB therefore controls, as trustee of the Dorothy Wolff Trust, funds and other property owing to Triple CT Trust.

9.      On or about April 1, 2013, a Revenue Officer with the Casper, Wyoming, office of the IRS caused a Notice of Levy to be served upon FFSB. The said Notice of Levy directed that FFSB, as trustee of the Dorothy Wolf Trust, seize and remit to the IRS up to $690,249.83 of the assets in its possession or control that would otherwise be payable to taxpayers Laurence E. Wolff and/or Triple CT Trust. The IRS has further advised FFSB that, if it refused to honor its Notice of Levy, FFSB would be directly liable to it for the subject assets.

-2-

10.     By letters dated April 8, 2013 and April 16, 2013, Triple CT Trust advised FFSB that the IRS Notice of Levy was improper and invalid and it demanded that FFSB refuse to honor the said Notice of Levy. Triple CT Trust further threatened civil action against FFSB if it honored the Notice of Levy.

11.     The claims of the IRS and Triple CT Trust may expose FFSB to double liability and, therefor, a declaration of the rights and obligations of FFSB by this Court is just, equitable, and proper.

## CLAIM FOR RELIEF
## (DECLARATORY JUDGMENT)

12.     Plaintiff restates and alleges paragraphs 1 through 11 to the same extent as if set forth in full herein.

13.     Plaintiff seeks declaratory judgment from this Court as to the priority, extent and validity of the Notice of Levy identified in paragraph 9 above.

14.     Specifically, Plaintiff requests that this Court declare the rights, interests, and obligations as between FFSB and the Defendants.

**WHEREFORE,** Plaintiff First Federal Savings Bank prays:

1.     For an Order of this Court declaring whether and how it should disburse the assets it holds for distribution to Triple CT Trust.

2.     For an award of reasonable attorneys' fees and associated costs, together with costs of this action, and for such other and further relief as may be just and appropriate under the circumstances.

-3-

DATED this 12th day of June, 2013.

LONABAUGH AND RIGGS, LLP

By:   _____
Thomas J. Klepperich
LONABAUGH AND RIGGS, LLP
50 East Loucks, Suite 110
P.O. Box 5059
Sheridan, WY 82801
Telephone - (307) 672-7444
Facsimile - (307) 672-2230

Attorneys for Plaintiff First Federal Savings Bank